UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANTE MARCUS RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00226-JMS-DLP |
| | ) |
| GREG EWING, | ) |
| SUSAN STREETER, | ) |
| MILLER, | ) |
| EDWARDS, | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Plaintiff's Motion for Summary Judgment,
Granting Defendants' Cross Motion for Summary Judgment in Part,
Dismissing State Law Negligence Claim, and Directing Entry of Final Judgment**

Mr. Riley alleges that on March 24, 2018, a leak in the roof of the Vigo County, Indiana Jail (the "Jail") produced a puddle outside the cell where he was housed. Mr. Riley slipped in the puddle and fell. He dislocated his shoulder and suffered injuries to his head and back. Mr. Riley alleges that defendants Officer Miller, Nurse Susan Streeter, and Officer Edwards were deliberately indifferent to his serious medical conditions in violation of the Fourteenth Amendment.[1] These defendants are also allegedly liable under Indiana law for intentional infliction of emotional distress. Finally, there is a negligence claim against Sheriff Greg Ewing under Indiana law. See dkt. 17. The defendants deny that they are personally liable for any of Mr. Riley's injuries.

---

[1] The Screening Order of September 26, 2018, mistakenly cited to the Eighth Amendment. The Seventh Circuit explained in *Miranda v. County of Lake,* 900 F.3d 335, 350-51 (7th Cir. 2018), that pretrial detainees' medical care claims should no longer be assessed under the Eighth Amendment, because the Eighth Amendment applies only to claims brought by convicted offenders. In this case, the claims arose while the plaintiff was a pretrial detainee and thus the Fourteenth Amendment applies.

Mr. Riley filed a motion for summary judgment and the defendants have filed a cross motion for summary judgment. For the reasons explained below, the plaintiff's motion for summary judgment, dkt [52], is **denied** and the defendants' cross motion for summary judgment, dkt [61], is **granted as to the federal claims and Indiana state law claim of intentional infliction of emotional distress.** The Indiana state law negligence claim against the Sheriff is dismissed for lack of jurisdiction.

# I.
# Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the mere existence of some alleged factual dispute between the parties, *id*. at 247, 106 S.Ct. 2505, nor the existence of some metaphysical doubt as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Courts often confront cross-motions for summary judgment as have been filed here because Rules 56(a) and (b) allow both plaintiffs and defendants to move for such relief. In such

situations, courts consider each party's motion individually to determine if that party has satisfied the summary judgment standard. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 324). Accordingly, we have considered the parties' respective filings and attached exhibits and have construed all facts and drawn all reasonable inferences therefrom in the light most favorable to the respective nonmovant. *Id.*

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enter., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). If it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

## II.
## Undisputed Facts

Mr. Riley was a pre-trial detainee at the Jail during two separate periods of time in 2018 and 2019. Dkt. 61-5 at p. 1; dkt. 61-6, at p. 1.

Mr. Riley was arrested and taken to the Jail on January 27, 2018. Dkt. 61-1 at p. 12. On March 24, 2018, Mr. Riley was housed in Cellblock C. *Id.* at 18. On that date, Mr. Riley was walking back to his cell when he slipped on a wet floor in front of his cell and fell backwards. *Id.*

at p. 18-19. He injured his head, back and shoulder. *Id.* at 19. The floor was wet due to a roof leak. *Id.*

Mr. Riley called for assistance and defendant Kailynn Miller ("Miller"), a former Jail correctional officer, responded a few minutes later. *Id.*, at p. 22. Ms. Miller escorted Mr. Riley to the medical department. *Id.* at p. 22-23. This was Mr. Riley's only interaction with Ms. Miller.

Mr. Riley was examined by the nurse on duty[2] and prescribed ibuprofen. *Id.* at p. 23. Mr. Riley testified that the medication "masked the pain for the most part." *Id.* at p. 24.

A head CT and lumbar x-rays were taken five days later on March 29, 2018. Dkt. 61-2, at p. 1. A jail nurse[3] examined Mr. Riley on April 6, 2018, and informed Mr. Riley that the x-rays did not show a left shoulder dislocation. *Id.*

Defendant Susan Streeter examined Mr. Riley on March 30, 2018 and ordered a head CT with contrast at Dr. Quentin Emerson's direction. *Id.* A head MRI was taken at Union Hospital on April 14, 2018. *Id.* The results of the MRI were negative. Dkt. 61-1 at p. 42.

On April 4, 2018, Dr. Emerson examined Mr. Riley and diagnosed him with shoulder and lumbar pain. Dkt. 61-2 at p. 1. He prescribed Mobic for the pain. Dr. Emerson examined Mr. Riley again on April 13, and April 27, 2018. *Id.* Dr. Emerson diagnosed Mr. Riley with a possible shoulder dislocation and referred Mr. Riley to an orthopedic surgeon. *Id.*

Mr. Riley was treated by orthopedic surgeon, Dr. Sami Jaafar ("Dr. Jaafar"), at the Union Bone and Joint Center. *Id.* Mr. Riley was seen by Dr. Jaafar on May 8, 2018. Dr. Jaafar ordered physical therapy which Mr. Riley received at Union Bone and Joint Center from May 23 to August 14, 2018. *Id.* Mr. Riley's left shoulder improved during physical therapy. Dkt. 61-1, at p.

---

[2] The record does not suggest that the nurse on duty that treated Mr. Riley was Nurse Streeter.
[3] The record does not suggest that the nurse on duty that treated Mr. Riley was Nurse Streeter.

4

26. Mr. Riley was released from the Jail on July 31, 2018, at that time he no longer had medical coverage and he stopped attending physical therapy after two appointments. *Id.*

Defendant Levi Edwards ("Edwards") is a former Jail correctional officer. Dkt. 61-3, at ¶ 3. On an unidentified date, he was on duty during medication pass in Mr. Riley's cellblock. Dkt. 61-1, at p. 16-17. Mr. Riley missed medication pass and complained to Mr. Edwards. *Id.* The nurse would not return and give Mr. Riley his medication *Id.* Mr. Riley could submit his medication request to the Medical Department through a kiosk in his cellblock. Dkt. 61-3 at ¶¶ 16 and 21.

Mr. Riley was arrested again on December 28, 2018 and charged with resisting law enforcement. *Id.* at p. 15. Mr. Riley was a pre-trial detainee at the Jail from December 28, 2018, through November 20, 2019, when he was sentenced in cause number 84D01-1801-F4-000370. *Id.;* Indiana Department of Correction, Offender Data (availble at: [https://www.in.gov/apps/indcorrection/ofs/ofs?lname=riley&fname=dante&search1.x=31&search1.y=18](https://www.in.gov/apps/indcorrection/ofs/ofs?lname=riley&fname=dante&search1.x=31&search1.y=18)) (last visited March 2, 2020).

Mr. Riley resumed treatment following his December 28, 2018, arrest. Dkt. 61-2 at p. 2. Mr. Riley complained of left shoulder pain during an exam on January 11, 2019, and Dr. Emerson ordered left shoulder x-rays and physical therapy. *Id.* Mr. Riley had additional physical therapy at the Union Bone and Joint Center at Dr. Jaafar's direction. *Id.* Surgery was recommended when Mr. Riley continued to have left shoulder pain following physical therapy. *Id.* Mr. Riley had arthroscopic shoulder surgery with labral repair on June 7, 2019. *Id.*

Vigo County contracts with Quality Correctional Care to provide medical care to Jail inmates. Dkt. 61-4 at ¶ 24. Inmate medical treatment was the responsibility of Quality

Correctional Care in 2018 and 2019. *Id.* at ¶ 25. Nurses and doctors at the Jail are Quality Correctional Care employees and the prescribing and dispensing of medications to inmates is their responsibility. Dkt. 61-3, at p. 1; Dkt. 61-6 at ¶ 22.

Greg Ewing was the Vigo County Sheriff in 2018. Dkt. 61-4 at ¶ 3. As Sheriff, he was responsible for the operation of the Jail. *Id.* at ¶¶ 4-5.

## III.
## Mr. Riley's Motion for Summary Judgment

Mr. Riley's summary judgment motion must be denied because the few facts he asserts in his motion are not supported by citations to admissible evidence. *See* Fed. R. Civ. P. 56(e); Local Rule 56-1(e) and (h). As a result, he has not shown that he is entitled to judgment as a matter of law.

In addition. Mr. Riley relies on *Huerta, et al. v. Plasse et al.*, case number 2:16-cv-00397-JMS-MJD (hereinafter *Huerta*), to support his claims against the defendants, but that case does not support a Fourteenth Amendment claim against the defendants. Nor is that on-going case evidence that the defendants subjected Mr. Riley to intentional infliction of emotional distress.

*Huerta* was brought on behalf of past and present inmates at the Vigo County, Indiana Jail, alleging that the Jail is overcrowded, resulting in the violation of inmates' constitutional rights. *See Huerta,* dkt 146 at p. 1. The defendants conceded that the Jail does not meet constitutional standards because of overcrowding, understaffing and inadequate space. *Id.* at p. 1-2. Relevant here, in *Huerta,* there was no dispute that the Jail had a leaky roof, which results in wet floors and is in need of repair. *Huerta,* dkt. 146 at p. 7. This undisputed fact was supported by the declaration of inmate, Terrence D. Dockery, Sr. His testimony on this issue was that,

"[t]he roof leaks there and I slipped and fell on the wet floor." *Huerta,* dkt. 118-6. This is simply not enough evidence that Mr. Riley is entitled to money damages from the Sheriff for negligence as a matter of law.

Under these circumstances, Mr. Riley's motion for summary judgment, dkt [52], is **denied.**

## IV.
## Defendant's Motion for Summary Judgment

Defendants seek summary judgment on the claims alleged against them. Each claim is discussed below.

### A. Federal Claim - Denial of Constitutionally Adequate Medical Care Claim

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S.Ct. 2466, 2475, (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")).

In this case, Mr. Riley alleges that Officer Miller, Nurse Streeter and Officer Edwards's actions denying or delaying his access to medical care were objectively unreasonable in violation of the Fourteenth Amendment. There are two steps when considering a due process challenge to a pretrial detainee's medical care.

The first step focuses on the intentionality of the individual defendant's conduct. It "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when

7

they considered the consequences of their handling of [plaintiff's] case." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353).

The second step, asks "whether the challenged conduct was objectively reasonable." *Id.* (quoting *Miranda*, 900 F.3d at 354)." This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual— whether the response was reasonable." *Id.*

1. *Officer Miller*

The undisputed evidence taken in the light most favorable to Mr. Riley, reflects that after Mr. Riley fell and was injured, he called for assistance. Officer Miller responded a few minutes later and took Mr. Riley to the medical department where he was treated by a medical professional. These facts do not reflect that Officer Miller was deliberately indifferent to Mr. Riley's serious medical needs. There is no evidence that Officer Miller purposely, knowingly, or recklessly delayed responding to Mr. Riley's call for assistance. Nor is there any evidence that suggests that Mr. Riley was injured by the few-minute delay between when he called for assistance and when Ms. Miller responded. Because Officer Miller's actions, responding to Mr. Riley within a few minutes and taking him to see a medical provider, were objectively reasonable, she did not violate Mr. Riley's due process rights and she is entitled to judgment in her favor as a matter of law.

2. *Officer Edwards*

Officer Edwards allegedly failed to get the nurse to deliver Mr. Riley his medications on one occasion. The undisputed evidence reflects that Mr. Edwards was on duty during medication

pass. Mr. Riley missed receiving his medication because he was on the phone. Mr. Riley asked Mr. Edwards to get the nurse to give him his medication. Mr. Edwards informed Mr. Riley that the nurse was not returning to the cellblock. Mr. Edwards is not a medical provider and was not able to provide Mr. Riley with the medication he requested. There is no evidence that Mr. Edwards could have gotten the nurse to return. Instead, the record reflects that Mr. Riley could have used the kiosk in his cellblock to notify medical that he needed his medication. Mr. Edwards' actions were objectively reasonable because there is no indication that he played any role in the distribution of Mr. Riley's medications. Accordingly, he is entitled to summary judgment in his favor on the Fourteenth Amendment claim alleged against him.

   3. *Nurse Streeter*

Mr. Riley alleges that Nurse Streeter was deliberately indifferent because she should have treated Riley sooner and x-rays should have been completed quicker. There is no evidence that suggests that any delay in treatment caused Mr. Riley harm. Nurse Streeter was the Jail's managing nurse in 2018, but she only examined him on March 30, 2018. At that time she ordered a head CT with contrast at Dr. Emerson's direction. While Nurse Streeter was involved in Mr. Riley's care, most treatment was directed by Dr. Emerson and the outside specialist, Dr. Jaafar. There is no basis to conclude that Nurse Streeter's actions were objectively unreasonable. Thus, she is entitled to summary judgment in her favor on the Fourteenth Amendment claims alleged against her.

**B. State Law Claims**

Now that the plaintiff's federal claims have been dismissed, the Court must decide whether it should exercise supplemental jurisdiction over the plaintiff's two remaining state-law

claims. These claims include a claim of intentional infliction of emotion distress against Officer Miller, Nurse Streeter, and Officer Edwards and a negligence claim against Sheriff Ewing. The Court ultimately has discretion whether to exercise supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction....").

When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). Although the presumption is rebuttable, "it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks and citation omitted). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

   *1. Intentional Infliction of Emotional Distress*

Mr. Riley alleges that Officer Miller, Nurse Streeter and Officer Edwards, subjected him to intentional infliction of emotional distress under Indiana law. Mr. Riley argues that being

housed in an unsafe environment and having to live with a dislocated shoulder, back spasms, and migraines due to his fall is enough to demonstrate extreme and outrageous conduct. Dkt. 67 at 8-9. The Court will exercise supplemental jurisdiction over this claim because it is obvious how this claim should be decided. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) ("If, however, an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Id.* at 1354.).

The Indiana state law "tort of intentional infliction of emotional distress has four elements a plaintiff must prove: 1) the defendant must engage in extreme and outrageous conduct that 2) intentionally or recklessly 3) causes 4) severe emotional distress to another." *Barnett v. Wexford Health Sources, Inc.*, No. 118CV01716JRSMPB, 2019 WL 6909581, at *7–8 (S.D. Ind. Dec. 19, 2019) (citing *Doe v. Methodist Hosp.*, 690 N.E.2d 681, 691 (Ind. 1997); Restatement (Second) of Torts § 46 (1965)). Liability for intentional infliction of emotional distress is found only if there is extreme and outrageous conduct. *Gable v. Curtis*, 673 N.E.2d 805, 809-10 (Ind. Ct. App. 1996). The intent to emotionally harm constitutes the basis of the tort. *Bradley v. Hall*, 720 N.E.2d 747, 752 (Ind. Ct. App. 1999).

Although Mr. Riley objects to having to live with his injuries while incarcerated at the Jail, he has failed to provide any evidence that reflects that Officer Miller, Nurse Streeter, or Officer Edwards engaged in extreme or outrageous conduct. Nor is there any evidence that they intended to cause Mr. Riley severe emotional distress. To the contrary, this Court explained above that their actions were objectively reasonable. Thus, Officer Miller, Nurse Streeter, and

Officer Edwards are entitled to summary judgment on Mr. Riley's Indiana state law claim of intentional inflection of emotional distress.

2. *Negligence*

Mr. Riley's Indiana state law negligence theory is that Sheriff Ewing is liable to him because he had a duty under Indiana Code 36-2-13-5-(a)(7) to administer the jail and care for the inmates. Mr. Riley asserts that Sheriff Ewing knew of the roof leak and failed to take steps to address the problem.

"A plaintiff seeking damages for negligence must establish (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). The duty of a custodian of inmates is "to take reasonable steps under the circumstances for the life, health, and safety of the detainee." *Sauders v. Cnty. of Steuben*, 693 N.E.2d 16, 18 (Ind .1998).

It is not clear how this claim should be decided based on the record before the Court. For example, the following issues remain undecided: 1) whether the Sheriff knew or should have known that the roof was leaking outside Mr. Riley's cell; 2) whether Mr. Riley was contributorily negligent, see *Neal v. Sevier*, 45 N.E.3d 68 (Ind. Ct. App. 2016); and 3) whether Mr. Riley filed the proper notice under the Indiana Tort Claims Act ("the Act"), see Indiana Code § 34-4-16.5-7.

Under these circumstances, the court declines to exercise supplemental jurisdiction over the state law negligence claim brought against Sheriff Ewing. The statute of limitations will not have run on Mr. Riley's negligence claim. *See* 28 U.S.C. § 1367(d). Substantial judicial resources have not yet been committed to resolving this claim, so sending the case to a state

court will not cause a substantial duplication of effort. Accordingly, the presumptive course shall be taken here, and the Court will relinquish federal jurisdiction over the negligence claim against Sheriff Ewing. This claim is dismissed for lack of jurisdiction.

## V.
## Conclusion

The plaintiff's motion for summary judgment, dkt [52] is **denied.** The defendants' motion for summary judgment, dkt. [61], is **granted on the federal claim of inadequate medical care under the Fourteenth Amendment and the related Indiana state law claim of intentional infliction of emotional distress.** The state law negligence claim against Sheriff Ewing based on his failure to maintain the roof at the Jail which allegedly resulted in the plaintiff's injury is **dismissed for lack of jurisdiction**.

Final judgment in accordance with this Entry shall issue at this time.

**IT IS SO ORDERED.**

Date: 3/3/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DANTE MARCUS RILEY
208398
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

David P. Friedrich
WILKINSON GOELLER MODESITT WILKINSON AND DRUMMY
dpfriedrich@wilkinsonlaw.com